ISAACS *v.* McLEAN.

106  79
135  1456

1. TRIAL—OBJECTIONS—COMPETENCY OF WITNESS.

A general objection to testimony as incompetent is insufficient to raise the question of the competency of the witness.

2. OPINION EVIDENCE—GROWING CROPS.

In trover for hay which had not been weighed at the time of conversion, but which had been cut from a given acreage, a witness who has shown himself competent to testify may be asked to state the average crop per acre for that season upon the premises in question.

3. TRIAL—INSTRUCTIONS TO JURY.

The failure to instruct the jury in a civil case as to matters common to all cases is not, in general, reversible error. So *held* where no explicit instruction was given that the verdict must be based " upon the testimony," or that the amount and value of property involved must be determined " from the evidence."

4. TROVER—SALE ON VOID EXECUTION—DAMAGES.

In trover for property seized and sold upon a void execution, the proceeds of the sale cannot be allowed in mitigation of damages upon defendant's offer to apply the same upon his judgment. So *held* in a case where the execution, as well as the sheriff's term of office, had expired at the time of the levy.

Error to Osceola; McMahon, **J.** Submitted June 6, 1895. Decided July 2, 1895.

Trover by John Isaacs against James H. McLean and James M. Reed for property levied upon and sold on execution against plaintiff. From a judgment for plaintiff, defendants bring error. Affirmed.

*Charles A. Withey,* for appellants.

*Smiley, Smith & Stevens,* for appellee.

McGRATH, C. J. It is conceded that the levy upon and sale of plaintiff's property were wrongful. The property

taken consisted in part of a pile of lumber and a stack of hay. A witness for plaintiff was asked what, in his opinion, was the amount of lumber in the pile. To this question counsel for defendants objected, saying, "I object to that, as incompetent." Another witness was asked, "What, if you know, would be the average crop from that 40 acres there, from what you know of the land?" This was objected to "as incompetent and too indefinite." The court overruled the objection, but that question was not answered. The question then asked was, "What was the average crop last summer on that 40 acres that you speak of,—of hay?" It is urged here that the competency of the witnesses to give estimates of quantity had not been established. It is evident, however, that in both instances the court regarded the objection as going to the character of the proof, rather than the competency of the witnesses. If it is desired to raise a question as to the competency of a witness, the objection should be framed accordingly. In each instance, however, the witness had shown a degree of competency to testify. It is not necessary to discuss the propriety of the ruling upon the question which was not answered. The hay had been cut from a given acreage. It had not been weighed. The witness was asked to estimate the quantity of hay in that acreage for that season before harvest. There was no error in the ruling.

It is next urged that the court failed to instruct the jury that their verdict must be based upon the testimony given. Defendants' counsel, although making other requests, did not ask such a charge. The circumstances were not such as to suggest to either court or counsel for defendants that such an instruction should be given. The record contains nothing from which an inference of prejudice can be drawn. The jurors, at the threshold of the trial, had been sworn to well and truly try, and a true verdict give, according to law and the evidence given in open court.

The court instructed the jury that they were to determine the amount of property taken, and its fair market value, and the only criticism is that the words "from the evidence," or "under the evidence," were not used in that connection. It might with equal propriety be urged that no instruction was given as to the preponderance or burden of proof, or that the jury must be governed by the law as given by the court. It cannot be said that in a civil case the omission to instruct as to matters common to all cases is reversible error.

The property had been taken by an ex-sheriff several months after his term as sheriff had passed, and a year after the writ itself had expired. Defendants offered, in open court, to apply the proceeds of the sale upon the judgment upon which the execution issued, and asked to have the amount so offered allowed in mitigation of damages. The point is ruled by *Northrup* v. *McGill*, 27 Mich. 234; *Dalton* v. *Laudahn*, Id. 529; *Bringard* v. *Stellwagen*, 41 Mich. 54. In *Stilson* v. *Gibbs*, 40 Mich. 42, there was a valid execution.

The judgment is affirmed.

The other Justices concurred.