## IN RE. CADWELL'S ESTATE.
## MORALEE, ET AL. v. CADWELL.

(No. 947; Decided January 21, 1920; 186 Pac. 499.)

ADOPTION OF CHILDREN WAS UNKNOWN TO THE COMMON LAW—
STATUTES RELATING TO ADOPTION AND DESCENT ARE TO BE CON-
STRUED TOGETHER—EXPRESSION OF ONE EXCEPTION IN A STATUTE
EXCLUDES ALL OTHERS—ADOPTED SON LEGAL HEIR OF FATHER'S
INTESTATE BROTHER—DESCENDANT.

1. At the common law, adoption was unknown; therefore the law governing the adoption of minor children and the rights and liabilities emanating therefrom are governed purely by statutory provisions.

2. Statutes conferring on an adopted child the right to inherit property and the statute of descent and distribution relating to the same subject, should be construed together as one law.

3. It is a rule of statutory construction that the expression of one exception excludes all other exceptions.

4. The term "descendant", as used in Comp. Stat. 1910, Sec. 5727, Sub-Div. 2, includes an adopted child when considered in connection with the adoption statute, Comp Stat. 1910, Sec. 3964, which declares that an adopted child "shall be entitled to the same rights of person and property as the children or heirs at law of the persons thus adopting them, therefore, a son by adoption becomes the legal heir of the intestate brother of his adoptive father, who died before the intestate brother."

ERROR to the District Court, Carbon County; HON. V. J. TIDBALL, Judge.

In the matter of the estate of Willard Cadwell, deceased, wherein C. L. Moralee, and M. M. Moralee, also William P. Cadwell, filed petitions for distribution of the estate. There was a judgment in favor of Cadwell, and the Moralees bring error.

*McMicken and McMicken,* for plaintiffs in error.

The controversy hinges upon the meaning to be given the term "descendants" found in Sec. 5727, Div. 2, Comp. Stat. A descendant is one proceeding from an ancestor, an offspring near or remote (Centvic Progeny, Worcester Dict.). The force of the adoption statute (Sec. 3964) must be

limited to heirship from the adoptive parents. The right of inheritance is limited to descendants (Bates v. Gillett, 132 Ill. 287); the term "descendant", as used in wills, means the issue of the body and does not include heirs generally (Hamlon v. Osgood, 1 Redf. Sur. 409, 417); the statute of descent controls (Knight v. Pottgieser, 176 Ill. 368, 52 N. E. 934; in Re. Waln's Estate, 189 Pa. 631); the terms "issue" and "descent" are employed interchangeably (Houston v. Read, 32 N. J. E. 591; Bryan v. Walton, 20 Ga. 480; Bates v. Gillett, 132 Ill. 287; Tompkins v. Verplanck, 42 N. Y. S. 412); a descendant is one who descends as offspring (Warden v. Taylor, 32 W. Va. 284; 2 Jarman Wills, 632; Hillen v. Iselin, 144 N. Y. 365, 39 N. E. 308; Twaites v. Waller, 133 Ia. 84; Hadcox v. Cody, 135 N. Y. 861); a Michigan statute providing that an adopted child shall become the heir at law of the person adopting it, does not make such child an heir of the kindred of the adoptive parent by right of representation (VanDerlyn v. Mack, 137 Mich. 146; 100 N. W. 278, 66 L. R. A. 437); such adopting child inherits from the adoptor only, but not through him from his ancestors (Phillips v. McConnica, 59 Ch. St. 1, 51 N. E. 445, 69 Am. St. Rep. 753; In re. Darling's Est., 159 Pac. 606 (Cal.); Ryan v. Foreman, 181 Ill. App. 262; Ryley v. Day, 88 Kan. 503, 129 Pac. 524); in Massachusetts it is settled that an adopted child takes only from adopting parents, despite statutory provisions that the adoptee shall for all purposes be regarded as the natural child of its adopting parents (Gammons v. Gammons, 212 Mass. 454, 99 N. E. 95, and other cases cited). Hosp. Co. v. Humphrey, 32 R. I. 318, is to the same effect. The same rule applied in Kentucky (134 Ky. 133, 136 S. W. 133), and in Illinois (Wallace v. Nolan, 246 Ill. 535). Cases cited by the counsel to the contrary are based upon statutes differing in terms from that of Wyoming.

*N. R. Greenfield,* for defendant in error.

Adoption was unknown to the common law (Corpus Juris, vol. 1, p. 1371); we get no light from that source (Humphry v. Davis, 100 Ind 216; Nugent v. Powell, 4 Wyo. 186);

the status of an adopted child is fixed by the Wyoming statute (3964 C. S.), the statute of descent is 5727 C. S. Where the language of a statute is plain, there is no room left for construction (Rasmusson v. Baker, 7 Wyo. 128); the adoption statute, 3964, is plain in terms, containing but one exception, as to inheritance, which does not occur in this case. The term descendant includes adopted children as well as natural children (Flannigan v. Howard, 200 Ill. 396; Warren v. Prescott, 17 L. R. A. 435; Clark v. Clark, 85 Atl. 759, 1 C. J. 1399; Ryley v. Day, 129 Pac. 524; Estate of Numan, 7 Am. St. Rep. 146); when a legatee dies before a testator leaving an adopted child, such child takes under a statute preventing the lapsing of legacies (Sewall v. Roberts, 115 Mass. 262); questions of adoption and rights of inheritance are statutory (VanDerlyn v. Mack, *supra*); there is no reason for limiting the effect of the adoption statute (Boaz v. Sweaney, 99 Pac. 621; Anderson v. French, 93 Atl. 1042); such statutes are liberally construed (Glascott v. Bragg, 87 N. W. 852; Parson v. Parson, 70 Am. St. Rep. 894); decisions to the contrary are affected by provisions of statutes (In re. Burnett's Estate, 69 Atl. 74; Rasmusson Estate, 131 N. W. 325); in the absence of restrictions provided by statute an adopted child inherits collaterally (Shaick v. Howe, 114 N. W. 916); this court has followed the doctrine of liberal construction in such cases (Nugent v. Powell, *supra*); the Kansas statute relating to adoption prior to its amendment was identical in terms with that of Wyoming; the Supreme Court of Kansas, in the case of Ryley v. Day, 129 Pac. 524, decided prior to the amendment, held, that an adopted child could inherit collaterally a share that would have descended to her adopting mother.

Mentzer, District Judge.

Willard Cadwell died intestate in Carbon county, Wyoming, on September 1, 1911. He was a resident of said county at the time of his death and left an estate therein consisting of real and personal property. He left no children

or widow surviving him, and his father, mother, and all of his brothers and sisters died prior to the time of his death. His sister, Emma Cadwell, had intermarried with one Moralee, and left surviving her as her only heirs-at-law, and also surviving the said Willard Cadwell, two sons, to-wit: C. L. Moralee and M. M. Moralee, the petitioners in error. His brother, William H. Cadwell, left surviving him as his only heir-at-law, an adopted son by the name of William P. Cadwell, the defendant in error, who also survived the said Willard Cadwell.

The said adoption proceedings had taken place in said Carbon county on the 24th day of September, 1887, pursuant to the laws of the then territory of Wyoming, being the same provisions for the adoption of minor children as are now contained in chapter 267 of the Wyoming Compiled Statutes 1910. The estate of the said Willard Cadwell was administered in the District Court of Carbon county, and when it was ready for final distribution the plaintiffs in error, C. L. Moralee and M. M. Moralee, filed their petition for the distribution of said estate and prayed that all of the property belonging to said estate, after paying the debts and costs of administration, be distributed to them, share and share alike, as the sole and only heirs of the said Willard Cadwell, basing their claims on the fact that they were the nephews by blood of the said deceased.

The defendant in error, William P. Cadwell, also filed his petition for distribution of the said estate, alleging that he was an heir of the said Willard Cadwell, deceased, on account of his being an adopted son of William H. Cadwell, a brother of the decedent, and prayed that one half of the proceeds of said estate be distributed to him by reason of his said adoption.

The District Court found specifically that the said William P. Cadwell, defendant in error, was entitled to receive the same portion of said estate his adoptive father would have received had he survived his brother Willard, and decreed that one half of the proceeds of said estate be distributed to him, the defendant in error, and that the other

one half of said estate be distributed to the plaintiffs in error, being the same portion their mother would have received had she survived her brother Willard.

The said C. L. and M. M. Moralee brought the matter to this court by petition in error.

The question to be determined by the court is whether the said Willard P. Cadwell, the adopted son of William H., a brother of the decedent Willard, who died intestate, and after the death of the said William H., had a right to inherit from the said Willard and participate in the distribution of his estate; in other words, does a son by adoption become the legal heir of the intestate brother of his adoptive father where the adoptive parent dies prior to the death of his said intestate brother. This is a question that has not heretofore been decided or considered by this court.

At the common law, adoption was unknown; therefore, the law governing the adoption of minor children and the rights and liabilities emanating therefrom are governed purely by statutory provisions. Also, the law governing descent and distribution of the property of an estate of a person dying intestate is purely statutory. Therefore, in determining whether or not the defendant in error has a right to inherit under the circumstances above stated, it is necessary to refer to and apply the statutes fixing and defining the property rights of an adoptive child, and also the statute providing for the descent and distribution of the property of an estate of a person dying intestate.

The statutory provision with reference to the rights of an adopted minor is found in Section 3964 of the Wyoming Compiled Statutes of 1910, which provides:

"Minor children adopted as aforesaid shall, assume the surname of the person by whom they are adopted, and shall be entitled to the same rights of person and property as the children or heirs-at-law of the persons thus adopting them, unless the rights of property should be excepted in the agreement of adoption."

The statute of descent and distribution, in so far as it is applicable to the facts in this case, is found in subdivision 2

of section 5727 of the Compiled Statutes of 1910, and is as follows:

"If there be no children nor other descendants, then to his father, mother, brothers and sisters and to the descendants of brothers and sisters who are dead (the descendants collectively taking the share their parents would have taken if living), in equal parts."

These provisions of the statute, in so far as they apply to the rights of an adopted child to inherit property, must be considered together and applied as one law to the facts in the case; that is, the statute defining the property rights of an adopted child must be considered with and as a part of the statute of descent and distribution. In re. George W. Walworth's Estate, 85 Vt. 322-33, where the court said: "Statutes conferring on an adopted child the right to inherit property, and the statute of descent and distribution, relate to the same subject and are *paria materia* and should be construed together as one law."

The same rule has been announced by the Supreme Court of California in the case of In Re. Darling Estate (Bosey v. Darling, et al.), 159 Pac. 606.

With this rule in view, let us proceed to determine whether or not the statutory provisions above quoted confer upon the defendant in error the right to participate in the distribution of the estate in question. It is conceded that had the defendant in error been the natural son of William H. Cadwell, his adoptive father, he would be entitled under the statute of descent and distribution to inherit one half of the property of the deceased Willard Cadwell, but he was only an adopted son; therefore, what distinction does the statute make between the right of an adopted child to inherit property and that of a natural child? The statute, section 3964, *supra,* provides that when children are adopted in the manner provided by law they shall be entitled to the same rights of property as the children or heirs at law of the adopting parent. This language is so plain, simple, broad, comprehensive, and unambiguous that it is not open to construction; it clearly in terms defines the right of an adopted child, so

far as property is concerned, to be the same as the right of a natural child or heir at law of the adoptive parent. No other reasonable construction can be placed upon the language of the statute.

This rule as stated is of general application unless "the rights of property should be excepted in the agreement of adoption", as provided in the last clause of said section. This clause gives the right of the adopting parent, at the time of entering into the agreement of adoption, to except therefrom the property rights of the child he is about to adopt. In the event of such an exception the child so adopted would not be entitled to the same property rights as a natural child. No such exception, however, appears in the adoption proceeding referred to in this case. It is claimed, however, in argument that there is another exception to the general rule, and that is that the adopted child cannot inherit from the kindred of the adoptive parent. We find no language in the statute that would indicate that the legislature intended any such exception. If the natural child has a right to inherit from the kindred, the adopted child would be entitled to the same right by the express terms of the statute, and if the legislature intended to make any such exception it would have used some language indicating such intention.

There being but one possible exception (that is, by the adoptive agreement) to the general sweeping omnibus provision that the adopted child is entitled to the same rights of property as the natural child or heir at law of the adoptive parent, the rule that "an expression of one exception excludes all other exceptions" applies in favor of the adopted child.

In the case of Kroff v. Amrhein (Ohio) 94 Ohio St. 282, 114 N. E. 267, the court, in construing the general provisions of a statute which contained a certain exception, stated "The statute being remedial, naturally the exceptions should be strictly but reasonably construed, and must be governed by the familiar rule that the exclusion clearly made in the exception, only emphasizes the inclusion of all other

things germane to the statute which are not so excluded."

It is contended with great earnestness by the counsel for the plaintiff in error that the term "descendant" used in the statute of descent and distribution, subdivision 2, sec. 5727, *supra,* excludes an adopted child. It is true that a "descendant" is one who descends from an ancestor, as "child", "children" or "issue". The descendants of a person are his children, grandchildren, great grandchildren and other issue to the remotest degree. "Descendant" is a broader term than "child" or "children", but according to all of the authorities the term "descendant" includes "child" or "children". It also includes "issue". Therefore, if a natural child, being a "descendant" of its father, has a right to inherit property from his deceased father's intestate brother, an adopted child who "is entitled to the same rights of property as children or heirs at law of its adoptive father", has a like right to inherit property from his deceased adoptive father's intestate brother. If the adopted child has not such right then a portion of the adoption statute must be nullified and we must engraft upon it an exception which, in our judgment, is not warranted by the language of the statute.

It has been held by the Supreme Court of Kansas, in the case of Riley v. Day, 44 L. R. A. 296, that the term "child" and the term "living issue", as used in the statute of descent and distribution, included an adopted child. It was held in the same case that under a statute whose terms are identical with sec. 3964, *supra,* an adopted child may inherit as the "living issue" of a deceased brother or sister of the decedent.

In the case of Warren, Admr., v. Prescott (Me.), 17 L. R. A. 435, it was held that the term "lineal descendant" used in a statute of descent, included an adopted child.

In California, where by statute an adopted child is "regarded and treated in all respect as the child of the person adopting", and is to "have all the rights and be subject to all the duties of the legal relation of parent and child", the word "issue" as used in a statute providing that if a de-

cedent leave no surviving husband or wife, but leaves issue, the estate goes to such issue, "issue" being used in the sense of "child" or "children", was held to include an adopted child (In re. Newman Estate, 75 Cal. 213, 16 Pac. 887).

Also the term "issue" as used in statutes of descent and distribution, has been held to include an adopted child in the following cases: Buckley v. Frazer, 153 Mass. 525, 27 N. E. 768; Atchison v. Atchison, 89 Ky. 488, 12 S. W. 942.

The Supreme Court of the State of Washington, in the case of In re. Masterson's Estate (McManus v. Loyd), 183 Pac. 93, in construing and applying a statute very similar in its provisions to the adoption statutes of the State of Wyoming, says: "One of the rights and privileges of a natural child is to inherit from a brother or sister, a natural son or daughter of the same parents. If the adopted child does not have the same right then it is denied a right or privilege which the natural child has." And the court held that: "An adopted sister is entitled to inherit along with the natural brothers and sisters of one dying without issue, husband, wife, father or mother."

We are therefore of the opinion that the term "descendant", as used in our statute (sub-division 2, sec. 5727, *supra*), includes an adopted child when considered in connection with the adoption statute (Sec. 3964, *supra*), which declares that an adopted child "shall be entitled to the same rights of person and property as the children or heir-at-law of the persons thus adopting them."

Therefore, the District Court rightly held that William P. Cadwell, the defendant in error, was entitled to inherit one half of the property left by the decedent, Willard H. Cadwell, after the payment of debts and costs of administration.

Our attention has been called to numerous decisions from other states in which adoption statutes have been enacted. The statutory provisions in these several jurisdictions are practically all different from the provisions under consideration here. In some of the decisions the language of the statute under consideration is much more restricted than

the language in our statute, and in others the express terms of the statute would indicate that the legislature intended to limit the right of the adoptive child to inherit from the adoptive parents only. We deem it unnecessary to review these cases here as each decision is based on the language of the particular statute under consideration. Some of the cases also are determined upon a strict or liberal construction of the statute, but as we have expressed the view that the language of our statute is clear and unambiguous and not open to construction, therefore, these cases would not be controlling.

The decision of the District Court is therefore affirmed.

*Affirmed.*

Beard, C. J., and Potter, J., concur.

Blydenburgh, J., having announced his disqualification to sit in the case, Hon. William C. Mentzer, Judge of the First Judicial District, was called in and sat in his stead.