In Re EDDINS' ESTATE

EDDINS, Respondent, v. WILLIAMS, Appellant

(279 N. W. 244)

(File No. 8126. Opinion filed April 22, 1938.)

*Chas. J. Lundberg,* of Groton, for Appellant.

*Chas. N. Harris* and *Max Stokes,* both of Aberdeen, for Respondent.

POLLEY, J. On the 11th day of March, 1916, Estill Seeley Eddins and Nellie Frances Eddins, his wife, adopted Nellie Marie Eddins as their adopted daughter. Nellie Frances Eddins, wife of Estill Seeley Eddins, died on or about the 28th day of October, 1919, and said Estill Seeley Eddins died on or about December 29, 1929. Estill Seeley Eddins left surviving him no child or children other than the said Nellie Marie Eddins. John C. Eddins, father of said Estill Seeley Eddins, died on the 7th day of August, 1932, leaving surviving him his wife, Martha Eddins, and the said Nellie Marie Eddins, who claims to be a surviving heir at law.

No question is raised as to the legality of the adoption of Nellie Marie Eddins by Estill Seeley and Nellie Frances Eddins, or that they legally stand in the relation of parent and child to each other.

Nellie Marie Eddins, claiming to be an heir at law of the said John C. Eddins, petitioned for a share of his estate. This claim

was resisted by the executor of the estate of said Martha Eddins who had died after the death of John C. Eddins; and whether the said Nellie Marie Eddins became an heir at law of John C. Eddins by virtue of her adoption by Estill Seeley Eddins, the son of said John C. Eddins, is the issue, and the only issue involved on this appeal. The county court held that she was not such heir and made an order to that effect. From such order, the said Nellie Marie Eddins appealed to the circuit court. The circuit court reversed the order of the county court, and from the judgment of the circuit court the said executor appeals to this court.

The adoption of children, their rights after adoption, and the rights of parents by adoption are all provided for by sections 201 to 211, inclusive, R. C. 1919; SDC 14.0401-14.0408. The property rights and such rights of inheritance as they have by reason of such adoption are provided for by sections 208 and 209. These sections read as follows:

"The county judge must examine all persons appearing before him pursuant to the last section, separately, and if satisfied that the interests of the child will be promoted by the adoption, he must make an order declaring that the child shall thenceforth be regarded and treated in all respects as the child of the person adopting."

"A child, when adopted, may take the family name of the person adopting. After adoption the two shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation."

At first glance it would seem that the second clause of section 209 reading as follows, "After adoption the two [meaning the adoptive parent or parents on the one side and the adopted child on the other] shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation," confers upon the adopted child the same rights of inheritance as children of parents by birth, but the courts almost invariably hold that such is not the case. The reason upon which the distinction is based is that, while the relation of parent and child is declared by an order of the judge of a court of competent jurisdiction, the relationship has its inception in contract and is essentially contractual; that while parents can adopt children and

thereby make such children their heirs, they cannot make them the heirs of others who are not parties to the contract of adoption, unless the statute under which the adoption is made shows a clear and unmistakable intent on the part of the Legislature that such should be the case.

The reason for this is that adoption was not known to the common law and the descent of property invariably went to the kindred of the blood, and that to change the channel of the descent must be by statutory provision that clearly shows the intent of the Legislature to change the channel of descent. The courts of the country as a rule vary quite largely on their decisions of adoption statutes, but upon examination it will be found that the different meaning given to the statutes is based, to a large extent, on the differences in the wording of these statutes.

One of the more recent cases on this subject, and one that is in line with the great weight of authority is In re Bradley's Estate, 185 Wis 393, 201 N. W. 973, 38 A. L. R. 1. In the Bradley Case the intestate left no father nor mother nor brother nor sister nor wife nor children. Two brothers of the intestate preceded him in death. One of the deceased brothers left a daughter by birth and an adopted son. The statute on adoption in effect in Wisconsin at that time reads as follows: "A child so adopted shall be deemed, for the purposes of inheritance and succession by such child, custody of the person and right to obedience by such parents by adoption, and all other legal consequences and incidents of the natural relation of parents and children the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption, excepting that such child shall not be capable of taking property expressly limited to the heirs of the body of such parents." St. Wis. 1923, § 4024.

The adopted son claiming to be an heir of the intestate, claimed a portion of the estate. The claim was denied. The court holding that, while the adoption made the claimant an heir of his adopted father, it did not make him an heir of the adopted father's brother who survived the adopting father. The Bradley Case is a well-considered case. The cases on the subject are collected, reviewed, and cited. Every question involved in this case is thoroughly considered in that case and nothing would be gained by further consideration of the questions here.

The conclusions reached in Riley v. Day, 88 Kan. 503, 129 P. 524, 44 L. R. A., N. S., 296, In re Cadwell's Estate, 26 Wyo. 412, 186 P. 499, and Shick et al. v. Howe, 137 Iowa 249, 114 N. W. 916, 14 L. R. A., N. S., 980, are out of line with the majority of the cases on this subject, but the difference appears to have been caused by a slight difference in the wording of the statute in those particular states.

The wording of the statutes on adoption and inheritance in this state is more restricted probably than the statute in any other state. It will be noted that in the second clause of section 209, R. C. 1919, SDC 14.0407, the wording of the statute is as follows: "After adoption the two shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation." The word "two" can have reference to no one but the parties to the adoption contract, or order, and means the adopting parent or parents on the one side and the adopted child or children on the other. This limits the mutual rights and duties created by the adoption to the adopted child and the adopting parents, so that the right of inheritance cannot extend to any of the heirs either lineal or collateral of the adoptive parents. Therefore, Nellie Marie Eddins cannot inherit from the father or mother of her adopted parents, and the judgment appealed from is not warranted by the record.

The judgment appealed from is reversed.

All the Judges concur.