In the Matter of the ESTATE of George Edward RANDALL, Deceased.

Edward J. RANDALL and Marie Parrish, Appellants (Respondents below),

v.

Betty Louise POTTER, Appellee (Petitioner below).

No. 4140.

Supreme Court of Wyoming.

Feb. 21, 1973.

J. F. Mahoney, Casper, for appellants.

Richard G. Miller, Casper, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

On August 21, 1966, George E. Randall died intestate without surviving spouse or children; and Edward J. Randall, an adoptive brother, appointed administrator, in due time filed a petition for distribution naming himself and an adoptive sister, Marie Parrish, as the only heirs entitled to share in the estate. Thereafter under § 2–310, W.S.1957, and within the time prescribed, Betty Louise Potter, deceased's natural sister, filed her petition to determine distributive share of the rights of all persons to the estate; and notice was thereupon given to Edward J. Randall, Marie Parrish, and George Edward Wilson, the natural father of deceased. The court, holding that disposition depended on statutory construction and that Wyoming Statutes give no right of inheritance to an adoptive brother or sister, determined that Betty Louise Potter was the only heir of the deceased and entitled to all the property of the estate. From its order, Edward J. Randall and Marie Parrish have prosecuted this appeal, the sole question being the relative rights of the natural sister of deceased as against the adoptive brother and sister.

Appellants' principal argument of error is that the trial court ignored the philosophy of, and failed to follow, In re Cadwell's Estate, 26 Wyo. 412, 186 P. 499, which in effect held that the adoptive brother and sister were as a minimum entitled to share equally with the natural sister of decedent.

As this court indicated in the Cadwell case, 186 P. at 500, adoption at common law was unknown and, therefore, the adoption of minor children as well as the

rights and liabilities emanating therefrom are governed by statutory provisions concerning descent, distribution, and adoption. Accordingly, we look to the two relevant statutes as they existed at the date of decedent's death,[1] § 2–37, W.S.1957:

" * * * the estate of any intestate shall descend and be distributed as follows:

\* \* \* \* \* \*

"2. If there be no children, nor their descendants, then to his father, mother, brothers and sisters, and to the descendants of brothers and sisters who are dead (the descendants, collectively, taking the share which their parents would have taken if living), in equal parts;"

and § 1–721, W.S.1957:

"Minor children, adopted as aforesaid, shall assume the surname of the persons by whom they are adopted, and shall be entitled to the same rights of person and property as children or heirs-at-law of the persons thus adopting them, unless the rights of property should be excepted in the agreement of adoption."[2]

The mentioned portion of the descent statute, § 2–37, is of little direct assistance except for the basic provision that brothers and sisters inherit from each other. Hence, interpretation of the adoption statute is of paramount importance. Although this section has been before the court on several occasions only once has the inheritance aspect been under scrutiny—In re Cadwell's Estate, supra.. There a somewhat different situation was presented from that here in issue, namely, could an adopted child take through his deceased, adoptive father and share in the estate of

his adoptive uncle. Though it may not have been essential to that decision, this court, 186 P. at 501, quoted with approval from In re Masterson's Estate, 108 Wash. 307, 183 P. 93, 94:

"One of the rights or privileges of a natural child is to inherit from a brother or sister, the natural son or daughter of the same parents. If the adopted child does not have the same right, then it is denied a right or privilege which the natural child has. * * * "

The Washington statute there in issue (§ 1699, Rem. & Bal. Code) provided in part, "the child * * * shall be, to all intents and purposes, the child and legal heir of his or her adopter or adopters, entitled to all rights and privileges and subject to all the obligations of a child of the adopter or adopters begotten in lawful wedlock"; and the court held that an adopted sister was entitled to inherit along with the natural brothers and sisters of one dying without issue, husband, wife, father, or mother. Thus the question there was similar to the matter before us.

We consider that the reference in the Cadwell case to In re Masterson's Estate, supra, was more then mere dicta; but even though it were not binding upon the principle of stare decisis we are justified in following it in a proper case. York v. North Central Gas Co., 69 Wyo. 98, 237 P.2d 845, 848. Since mutuality would dictate that if the adopted child can inherit from the adoptive parents' natural children, the natural children can inherit from the adopted child,[3] should we follow the philosophy of this court in its quotation of the Masterson case, as we are inclined to

1. Rights of inheritance vest immediately on the death of intestate and devolutionary rights must be determined in relation to that date. Park County, ex rel. Park County Welfare Department v. Blackburn, Wyo., 394 P.2d 793, 794.

2. In 1969 § 1–721 was amended to read: "Minor children, adopted * * *, may assume the surname of the persons by whom they are adopted, and shall be entitled to the same rights of person and property as children or heirs at law of the persons thus adopting them, unless the rights of property should be excepted in the agreement of adoption. Provided further that adopted persons shall inherit from all other relatives of the adoptive parents as though they were the natural children of such parents and the relatives shall inherit from the adopted persons['] estate as if they were their relatives in fact."

3. In re Frazier's Estate, 180 Or. 232, 177 P.2d 254, 258, 170 A.L.R. 729.

do, the order or distributive share of the probate court must be reversed.[4]

We do not overlook the serious contention of appellee that In re Calhoun's Estate, 44 Cal.2d 378, 282 P.2d 880, is controlling; but we are unconvinced that this is true. In the first place, the court there dealt with a statute quite different from the Wyoming law here in issue, the California statute reading:

"An adopted child succeeds to the estate of one who has adopted him, the same as a natural child; and the person adopting succeeds to the estate of an adopted child, the same as a natural parent. An adopted child does not succeed to the estate of a natural parent when the relationship between them has been severed by the adoption, nor does such natural parent succeed to the estate of such adopted child." Section 257 (Probate Code), p. 6741, Hillyer's Consolidated Supp., 1927–1931.

While decisions of California on probate law interpreting statutes substantially similar to those in Wyoming are persuasive, they have little weight under other circumstances. Moreover, even when they relate to substantially similar statutes and situations they should not have the effect of overturning expressed views of our own court.

We are mindful of appellee's contention that to hold appellants entitled to share in the estate would be tantamount to saying the legislature in amending § 1–721 did nothing or that the amendment should be applied retroactively; but we think any such assertions are overbroad as applied to the present situation. In this instance the Cadwell case, while charting the views of the court, was sufficiently indefinite to require the clarification which the 1969 amendment provided.

The order of distribution in the probate court must be, and is, reversed with in-structions to distribute the estate of George Edward Randall, deceased, one-third to each of appellants and one-third to appellee.

Reversed and remanded with instructions.

---

4. Annotation, 43 A.L.R.2d 1183, 1200, cites In re Cadwell's Estate, 26 Wyo. 412, 186 P. 499, along with others for the *holding that under statutes declaring that the adopted child shall have the same* rights of property as those of a child of the adoptive parent by birth the adopted child has the right to inherit from kindred of the adoptive parent.