In the Matter of the ESTATE of Larry EDWARDS, Deceased.

No. 12470.

Supreme Court of South Dakota.

Argued Nov. 21, 1978.

Decided Dec. 27, 1978.

Steve Jorgensen of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for appellant Myra Tlustos.

Thomas M. Issenhuth, Madison, for respondent Shirley Vinz; Roger R. Gerlach, Salem, on brief.

MORGAN, Justice.

This is an appeal from an order of the circuit court for the Fourth Judicial Circuit appointing Shirley Vinz as administrator of the estate of Larry Edwards and entering Letters of Administration. The dispute centers around the determination of the proper heirs to decedent's estate. Other issues are also raised, but our decision herein makes it unnecessary to consider them. We reverse.

The decedent was born out of wedlock and was adopted at an early age by Eugene and Mable Edwards. His natural mother later remarried and had three additional children, Joan Hawkins, Thomas Marr and Mary Tlustos, appellant. The adoptive parents had no other children, but Mrs. Edwards had one brother, Harold Kneen, who had six children, one of whom is the respondent, Shirley Vinz. Upon the death of both Mr. and Mrs. Edwards, in that chronological order, the decedent came into possession of their entire estate. Whether he did so by succession or by transfer by deed is immaterial to our decision.

The decedent died intestate on August 10, 1977. Shortly thereafter, appellant, decedent's half-sister, and respondent, a niece of decedent's adoptive mother, both filed Petitions for Letters of Administration. On November 8, 1977, the circuit court appointed respondent as administratrix and granted Letters of Administration. Since the administrator must be entitled to succeed to at least some portion of the estate,[1] the circuit court's order was a determination that respondent is a legal heir to the decedent. Appellant appeals the order contending that respondent is not a legal heir and that the court erred as a matter of law in appointing her as administratrix. We find appellant's contention to be correct.

We first deal with the question of heirship in the light of the adoption. The relationship created by adoption is essentially a contractual one, established by statute. Our adoption statutes create a legal relationship between the adoptive parents and the adopted child,[2] and sever the relationship between the natural parents and the adopted child.[3] However, these are the only relationships which are determined by the adoption proceeding. None of the relationships between the adopted child and his/her blood kindred, except the natural parents, are terminated and no new relationships are created between the adopted child and anyone in the adoptive parents' family other than with the adoptive parents themselves. The statutes affect only the adoptive parents, the natural parents, and the child. *In re Eddins' Estate*, 66 S.D. 109, 279 N.W. 244 (1938); *In re Bradley's Estate*, 185 Wis. 393, 201 N.W. 973 (1925); *In re Frazier's Estate*, 180 Or. 232, 177 P.2d 254 (1947); *In re Estate of Calhoun*, 44 Cal.2d 378, 282 P.2d 880 (1955); *In re Loake's Estate*, 320 Mich. 674, 32 N.W.2d 10 (1948).

This court has previously held that an adopted child does not have a right of

---

1. SDCL 30–9–2.

2. SDCL 25–6–16 reads as follows:

   A child, when adopted, may take the family name of the person adopting. After adoption the two shall sustain towards each other the legal relation of parent and child and have all the rights and be subject to all the duties of that relation.

3. SDCL 25–6–12.

inheritance from any lineal or collateral member of his/her adoptive parents' family other than the adoptive parents themselves. *In re Eddins' Estate,* supra. That holding is in line with the great weight of authority from other jurisdictions. In this case, where we are confronted with the converse of that situation, we find that the principle is the same. The contractual nature of adoption does not extend beyond the adoptive parents and the child. The ruling in *In re Eddins' Estate,* supra, exemplifies that principle and we agree with the Oregon Supreme Court in *In re Frazier's Estate,* supra, that the right to inherit is generally reciprocal and equivalent. Just as an adoptive child cannot inherit from the lineal or collateral members of his/her adoptive parents' family, those members of the adoptive parents' family cannot inherit from the adopted child. *In re Frazier's Estate,* supra; *In re Estate of Calhoun,* supra; *In re Loake's Estate,* supra. Therefore, respondent is not an heir at law of decedent.

 Respondent argues, however, that SDCL 29-1-13 [4] makes her and certain of her kin eligible to inherit from decedent to the complete exclusion of appellant and her brother and sister because the property is "ancestral property." Respondent's argument is erroneous in two respects. First, the statute applies only to "[k]indred . . . in the same degree" of relationship to the decedent. It cannot be contended that appellant and respondent in this case are "in the same degree" of relationship to the decedent. Appellant is a half-sister and respondent is a niece of the decedent's adoptive mother. Appellant is clearly of a higher degree of relationship to the decedent than is respondent. Second, the statute only draws a distinction between half-bloods *who are heirs at law* of the decedent and whole bloods *who are heirs at law* of the decedent. It provides that in the case of "ancestral property," whole blood heirs inherit to the exclusion of half-blood heirs.

4. SDCL 29-1-13 provides:
   Kindred of the half blood inherit equally with those of the whole blood in the same degree, unless the inheritance came to the

The statute only distinguishes between two types of heirs and an individual must be an heir in order to be affected by it. Therefore, since we have ruled that respondent is not an heir at law of the decedent, her rights are unaffected by SDCL 29-1-13 and her contention that she is entitled to inherit that portion of the decedent's estate that is "ancestral property" is without merit.

 Therefore, since respondent is not entitled to inherit any property from the decedent, she is not qualified to serve as administratrix of his estate. The order appointing administratrix is vacated, the Letters of Administration revoked, and the matter is remanded to the circuit court for further proceedings.

All the Justices concur.

intestate by descent, devise, or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestors must be excluded from such inheritance.