(Decided 17th December, 1891.)

GEORGE M. BENSON *vs.* MARY ANN LINTHICUM.

*Construction of Will—Nature of Estate—Heir.*

Where a testator gives and bequeaths all of his property to his son, "and, in case he shall die without heir," then the same to be equally divided between the testator's brothers and sisters, the son, under section 314 of Article 93 of the Code, takes an absolute estate.

APPEAL from the Circuit Court of Baltimore City.

Mrs. Mary Ann Linthicum, the plaintiff in this case, to whom her son, William Amasa Linthicum, devised all of his property of every kind, sold to the defendant, George M. Benson, a farm in Baltimore County, being a part of the same property that passed to her son under his father's will. Benson paid a part of the purchase

money, and was ready and willing to pay the balance, as soon as the plaintiff could convey to him a good and valid title to the farm. He was unwilling, however, to pay said balance until the validity of the plaintiff's title to said farm was established by decree of the Circuit Court. On a special case stated under Equity Rules Nos. 47-49, the Circuit Court (DUFFY, J.,) passed a decree adjudging that William Amasa Linthicum, the son, took an indefeasible fee-simple estate in the property devised to him by the will of his father, and that the devises in remainder in said will, to the brothers and sisters of the testator were void; and that the son, by his will, conveyed an indefeasible fee-simple title to the farm mentioned in the special case stated, to his mother, the plaintiff, which she could convey to the defendant. The decree further adjudged that the defendant should pay the balance of the purchase money agreed to be paid by him for said farm, and that on said payment the plaintiff should convey to him a good and valid fee-simple title to said farm. From this decree the defendant appealed.

The cause was submitted to ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*James H. Smith,* and *D. H. Emory,* for the appellant.

The following authorities were cited: *Hammond vs. Hammond,* 8 *G. & J.,* 436; *Fairfax, et al. vs. Brown, et al.,* 60 *Md.,* 56; *Estep & Shaw vs. Mackey, et al.,* 52 *Md.,* 592; *Gambrill vs. Forest Grove Lodge No. 4, &c.,* 66 *Md.,* 25; *Gill vs. Wells,* 59 *Md.,* 495.

*Oregon R. Benson,* and *Henry C. Kennard,* for the appellee.

The devise over to the testator's brothers and sisters being to take effect only in the event of his son dying "without heir," was clearly void for remoteness. The

estate devised to the son being of the same quantity and quality that he would have taken as heir-at-law, he takes, by the worthier title—that is by descent and not by virtue of devise.  *Gilpin vs. Hollingsworth*, 3 *Md.*, 190–194; *Medley vs. Williams*, 7 *G. & J.*, 61, 70; *Phillips vs. Dashiell*, 1 *H. & J.*, 478–9; *Posey's Lessee vs. Budd*, 21 *Md.*, 477–80; *Mitchell vs. Mitchell*, 2 *Gill*, 237.

This doctrine as well as the principle established by the decisions in reference to the application of the rule in *Shelley's Case*, which has always been recognized and applied to the fullest extent in this State, established, beyond controversy, the invalidity of the devise over. *See Dougherty vs. Monett's Lessee*, 5 *G. & J.*, 459; *Davidge vs. Chaney*, 4 *H. & McH.*, 393–397; *Dallam vs. Dallam*, 7 *H. & J.*, 220; *Newton vs. Griffith*, 1 *H. & G.*, 111; *Estep & Shaw vs. Mackey*, 52 *Md.*, 599; *Gable vs. Ellender*, 53 *Md.*, 313; *Mason vs. Johnson*, 47 *Md.*, 356; *Fairfax vs. Brown*, 60 *Md.*, 50; *Gambrill vs. Forest Grove Lodge No.* 4, 66 *Md.*, 23, &c.

The will of Wm. A. Linthicum, the father, was executed on the 6th day of March, 1852; and he died, and it was admitted to probate the same month of the same year, so that the effect of the words "die without heir" is not affected by the provisions of the Act of 1862, ch. 161.

ROBINSON, J., delivered the opinion of the Court.

This is an appeal from a *pro forma* decree of the Circuit Court of Baltimore City, rendered on a special case stated, under Equity Rules Nos. 47, 48 and 49.   The sole question arises under the following clause of the will of Wm. A. Linthicum:

"I give and bequeath to my son, William Amasa, all my property, both real and personal, and, in case he should die without heir, then, and in that case, it is my will and desire that it should be equally divided between my brothers and sisters." (naming them).

The son thus named was the testator's only child. He took possession of the property thus devised, and occupied it till his death in 1875, leaving a will by which he devised all of his property of every kind to his mother, the appellee. The question is, what estate did the son, William Amasa, take under the will of his father? Under the Act of 1825, ch. 119, now sec. 314 of Art. 93 of the Code, the devisee of real property without words of *perpetuity*, takes *an absolute* estate "unless it shall appear by devise over, or by words of limitation, or otherwise, that the testator intended to devise a less estate." Here the devise over, upon the death of the son, "*without heir*," to the brothers and sisters of the testator, shows that the word "*heir*" was not used in the sense of heirs generally—that is to say, an indefinite failure of heirs—the limitation over being to persons capable of taking as heirs to the first devisee. By the term "heir" as thus used, it is clear the testator meant, and such is the legal construction, *heirs of the body* of his son, his lineal descendants. And it is well settled—too well settled to require reference to the decided cases, that where real estate is devised with a limitation over upon dying *without heirs of the body* of the first taker, the devisee takes an *estate tail*, even though such limitation may be to one capable of being an heir to the devisee.

Construing then the word "heir" used in this will, as meaning *heirs of his body*—for so it must be construed—we are of opinion that the son took an estate tail under the will of his father. And being an estate tail which by the Code becomes a fee-simple, he took an absolute estate in the property devised to him.

The will in this case was made before the Act of 1862, ch. 161, Art. 93, sec. 317, of the Code, was passed, and is to be construed, therefore, without reference to its provisions, and without reference too to the case of *Gambrill vs. Forest Grove Lodge No. 4, &c.*, 66 *Md.*, 17, the

decision in which was based upon the construction of
that Act.

*Decree affirmed.*

(Decided 17th December, 1891.)