## LINTZ v. HOLY TERROR MINING CO.

In Comp. Laws, § 5499, providing that, "if the life of any person or persons is lost or destroyed by the neglect, carelessness or unskillfulness of another person, or persons, company or companies, corporation or corporations, their or his agents, servants or employes, then the widow, heir, or personal representatives of the deceased shall have the right to sue * * * and recover damages for the loss or destruction of the life aforesaid," the word "heir" must be construed as meaning "child," and the section as a whole to give a cause of action only in favor of the

widow or children of the deceased, or for their benefit, and no action can be maintained thereunder to recover for the death of a person who left neither widow nor children.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Pennington county. Hon. Levi McGee, Judge.

Action by Julia A. Lintz against the Holy Terror Mining Company. Judgment for plaintiff, and defendant appeals. Reversed.

The facts are stated in the opinion.

*Wood & Buell* and *Schrader & Lewis*, for appellant.

The word heir in the statute means children, only. Jordan v. Railroad, 11 S. W. 1013; Haskel v. Louisville, 24 S. W. 879; Noble v. Seattle, 52 Pac. 1013; Hindry v. Holt, 51 Pac. 1002; Comp. State, 5499; Belding v. Railroad, 3 S. D. 369; Smith v. Railroad, 6 S. D. 583.

Where a servant is employed or it is his duty to repair machinery, no recovery can be had for its defects. Conway v. Railroad, 72 N. W. 543; Carlson v. Railroad, 28 Pac. 497; Murphy v. Railroad, 88 N. Y. 146; Brick v. Railroad, 98 N. Y. 211; Bryant v. Railroad, 23 N. W. 678. The master is only bound to furnish the materials, and not put them together. Burns v. Seimett, 33 Pac. 916; Cregan v. Marsten, 126 N. Y. 568; Quin v. Fish, 26 N. Y. S. 10.

If the negligence of deceased amounting to the absence of ordinary care, contributed proximately in any degree to the death, then the plaintiff cannot recover. Strong v. Railroad, 61 Cal. 328; Nerdham v. Railroad, 87 Cal. 409; McKeever v. Homestake, 74 N. W. 1053.

*William Gardner* and *A. K. Gardner*, for respondent.

Employers are bound to furnish reasonable safe and adequate appliances for the use of their employes. Cameron v. Railroad, 77 N. W. 1006; Railroad v. Herbert, 6 Dak. 590; Pullman Palace Car Co. v. Laock, 143 Ill. 248; Myers v. Hudson Iron Co., 15 Am. S. Rep. 176.

A mother is entitled to maintain an action for damages for death of her son, if she can show pecuniary loss therefrom. Dalton v. Railroad, 4 C. B. 296; Railroad v. Adams, 55 Pa. St. 499; Railroad v. Noell,, 32 Gratt, 394; Railroad v. Kendred, 57 Tex. 491; Hutchins v. Railroad, 44 Minn. 5; Hall v. Railroad, 39 Fed. 18: Railroad v. Lee, 70 Tex. 496; O'Gallighan v. Bode, 84 Cal. 489; Railroad v. Shea, 33 Ill. 388; Railroad v. Adler, 28 Ill. App. 102; City v. Harvey, 29 Ill. 483; Railroad v. Lester, 75 Tex. 56; Railroad v. Henry, 75 Tex. 220.

FULLER, P. J.   This action by a mother to recover damages for the death of a son, caused, it is claimed, by the negligence of a mining company, resulted in plaintiff's favor, and from a judgment of $1,300 the defendant appeals.

It appears from the record that the son, 34 years of age, and unmarried, was killed while doing some carpenter work for appellant in one of the compartment shafts of the Holy Terror mine, and left surviving him the respondent, two brothers, and a sister.   There being no issue, nor wife, nor father living at the time of the accident resulting in death, decedent's property, both real and personal, would pass to the above mentioned next of kin, pursuant to the general statute of succession and distribution.   Comp. Laws § 3401.   Under the view we shall take, the point made by counsel for appellant that, assuming respondent to be a real party in interest, the brothers

and sister being jointly interested, under section 3401, are consequently indispensable parties to the maintenance of the action, need not be determined. In the absence of an authorizing legislative enactment and at common law it seems settled by unanimous concurrence of the cases that an action for damages cannot be maintained for the death of a human being, and, if respondent has a remedy, it exists by virtue of the statute. Section 5498 of the Compiled Laws appears to be an exact copy of section 1 of chapter 57 of the General Statutes of Kentucky, authorizing a recovery of damages at the suit of a personal representative for the benefit of the estate of any person not in the employment of a railroad company, whose life is lost by reason of its negligence; and the suit may be instituted and damage recovered "in the same manner that the person might have done for any injury where death did not ensue." Section 3 of the same chapter of the Kentucky statutes provides that, "if the life of any person is lost or desroyed by the wilful neglect of another person, * * * company or corporation, * * * then the widow, heir, or personal representatives of the deceased shall have the right to sue," etc.; and section 5499 of the Compiled Laws, upon which this action is based, is, in effect the same and as follows: "If the life of any person or persons is lost or destroyed by the neglect, carelessness, or unskillfulness of another person or persons, company or companies, corporation or corporations, their or his agents, servants or employes, then the widow, heir, or personal representatives of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover damages for the loss or destruction of the life aforesaid."

It is significant that the right to recover damages for the benefit of the estate, and at the suit of the personal representatives alone, is given, where the person killed is not in the employ of a railroad corporation, but also to the widow and heir when the relation of master and servant existed between such corportaion and the husband and father whose life was lost by its negligence. In considering the purpose for which the legislature employed the expression "widow, heir, or personal representatives," consciousness of the fact that the loss of a husband and father, his care, sympathy, protection, and support, falls upon the widow and the fatherless, rather than upon creditors or collateral relatives, expels the idea of an intention to place the bereaved wife and child upon an equal footing with creditors and remote kindred who have sustained no pecuniary loss whatever. Without a party legally answerable to another for pecuniary damages actually sustained, there can be no recovery; and yet the comprehensive meaning given the word "heir" by the court below would transfer, from the widow and fatherless children, to creditors and distributees, under the statute of succession, the right to an interest, regardless of injury. Although the measure of damages was the only point controverted in Smith v. Railway Co , 6 S. D. 583, 62 N. W. 967, 28 L. R A. 573, and the question here presented was not raised, it was held that the father of a "deceased son, who was of age, and who left no widow or child, and who was killed by the negligence of a railroad company, if entitled to recover at all, was only entitled to recover such pecuniary damages as he had sustained;" and a judgment in his favor for one dollar, from which he appealed, and which was in no manner assailed by respondent, was not disturbed in this

court. In Washington, as in this state, children are required to suppot their indigent parents; and yet that court, in a case like the one before us, limited the word "heirs" to children, although it was used in a provision less favorable than our statute to such interpretation. Noble v. City of Seattle, 19 Wash. 133, 52 Pac. 1013, 40 L. R. A. 822. At common law a person born or begotten in lawful wedlock is an heir, and to effectuate the intention of the maker of an instrument courts have frequently held that the term was used to denote heirs of the body, or issue. Maguire v. Moore, 108 Mo. 267, 18 S. W. 897; Benson v. Linthicum, 75 Md. 141, 23 Atl. 133; Bowers v. Porter, 4 Pick. 198; Goodell v. Hibbard, 32 Mich. 47; Rollins v. Keel, 115 N. C. 68, 20 S. E. 209. There is no reason why the same rule of construction should not be invoked to obtain the object of the legislature, which must be presumed to be consistent with reason and justice. The widow being designated and included in the list of heirs to whom the property of the deceased husband passes by operation of the general statute of succession and distribution, it was unnecessary, if the word "heir" was not used therein restrictively, to embrace herself and children merely, to name her in the provision under consideration, and, if the word was not thus employed, it of necessity extends to parents and all other collaterial relatives, regardless of the question of injury. Commenting upon the Kentucky statute above quoted, that court, in Henderson's Adm'r v. Railroad Co., 86 Ky. 389, 5 S. W. 875, say: "No others sustain as near relation to, are so dependent upon, or have the same legal right to look for a support to a person as his wife and children; especially those of the latter who may be minors. Therefore the injury resulting from his death at

the hands of another to them is actual and direct, while to his collateral heirs it is remote, and not immediate, and as to creditors it may not exist at all. Therefore, looking to the reason for the statutory right to sue and recover damages for the destruction of the life of one person by the act of another, and to the necessity, when it can be properly done, of so construing each part of the General Statutes as to preserve the consistency of the whole, we are of the opinion that the widow and child or children have the prior right to sue for, and the exclusive right to, what may be recovered in an action authorized by section 3, c. 57. And, though the right to institute such an action is given to the personal representative, we think, for the reasons indicated, he can exercise that right only for the use and benefit of the widow and child, if there be any. It is, we think, also evident that the word 'heir' was intended to mean 'child,' and not to apply to any other description of person."

In Jordan's Adm'r. v. Railroad Co. 89 Ky. 40, 11 S. W. 1013, it was pleaded in bar that the deceased left no widow or child. To this the plaintiff replied that the deceased left as heirs a father, mother, sister, and brother, and in adhering to its former construction of the statute, it is said by the court that: "No person has a legal cause of action against another for a wrongful or negligent act, and it may be safely said legislative power to give it does not exist, unless he has sustained pecuniary injury by it; for the foundation of every action for a tort is actual pecuniary injury, without which there can be legally assessed neither compensatory nor punitive damages. It seems to us clear it was not intended that creditors of the deceased should have any part of what may be recovered under

Sec. 3, Chap. 57, and that the personal representative can maintain an action for the cause therein mentioned only for the use of the widow and heir, for otherwise the act of 1854 would not have been so amended as to give to them the right to sue for and recover damages. As, then, the widow is entitled to maintain such action, and, as a necessary consequence, to share with the heir what is recovered, the single question to be determined is what meaning the legislature intended to be given to the word 'heir,' as therein used. It must be either so limited as to mean 'child,' or so extended as to include collateral kindred of the deceased, however remote, if it can be fairly applied to them at all; for the right to sue for and recover punitive, which presupposes also compensatory, damages, is given by the statute without condition or qualification. When the life of a person is lost or destroyed, rarely is there an inquiry how much collateral relatives have been pecuniarily injured thereby, but the suggestion immediately forces itself on every one cognizant of the occurrence that the widow and children have suffered loss; for, as said in the Henderson Case, 'no others sustain as near relation to, are so dependent upon, or have the same legal right to look for support to a person, as his wife and children; especially those of the latter who are minors.' On the other hand, to apply and give the word 'heir' the comprehensive meaning contended for would often defeat the beneficent purpose of the statute, and in many cases where there is a widow, but no children, take from her who is injured two-thirds of the amount recovered, and transfer it to distant collateral relatives, who have sustained no pecuniary loss or injury whatever. It seems to us no such meaning or effect was intended by the legislature to be given to that section." For the reason that

we·are unable to find another statute like ours, we have quoted at length from these cases, and cite to the same effect Henning's Adm'r v. Leather Co. (Ky.) 12 S. W. 550; Railroad Co. v. Coppage (Ky.) 13 S. W. 1086. We are undoubtedly of the opinion that the remedy given by the statute here involved is for the benefit of the wife and children who suffer the loss of a husband and father, and it was never intended that the recovery in such a case should become assets of the decedent's estate, to be distributed among creditors, or those whose relationship is removed many degrees. The deceased having left no widow or child, this action by the mother is not maintainable, and the judgment appealed from is reversed, with the direction that the complaint be dismissed.·