## In re HARRINGTON'S ESTATE.
## HARRINGTON v. HARRINGTON.

No. 6017.   Decided December 21, 1938.   (85 P. 2d 630.)

Dan B. Shields and George G. Armstrong, both of Salt Lake City, for appellant.

Stewart, Stewart & Carter, of Salt Lake City, for respondent.

MOFFAT, Justice.

This cause involves a single question of law. The statement of facts is stipulated and agreed to. The facts upon which the cause is submitted are as follows:

A. F. Harrington died intestate in Salt Lake City, County of Salt Lake, State of Utah, on or about the 31st day of October, 1936. At the time of his death, A. F. Harrington left no widow or children other than Roy Harrington. John Harrington, deceased, was the son of A. F. Harrington, and a brother of Roy Harrington. On or about March 16, 1926, John R. Harrington, a minor, was duly and regularly adopted by and through proceedings in the District Court of Salt Lake County, Utah, by John Harrington and Elsie Harrington, his wife. The adopting father, John Harrington, was a son of A. F. Harrington, as stated.

On or about the ninth day of October, 1932, and prior to the death of A. F. Harrington, since deceased, John Harrington, the adopting father of John R. Harrington, died, leaving as his sole and only heirs at law, his widow, Elsie Harrington, and the adopted minor, John R. Harrington. The latter, adopted son of John Harrington, deceased, claims the right to inherit from the father of John Harrington; deceased, i. e. A. F. Harrington, through his adoptive parent,

John Harrington, deceased. Roy Harrington, a son of A. F. Harrington, deceased, contests the right of John R. Harrington to inherit from his father upon the statement of facts here made.

There was no will. Thus the sole question of law is whether, under the adoption and succession statutes, John R. Harrington, a minor, can inherit as an heir or otherwise of A. F. Harrington, deceased; and, therefore, whether or not he is entitled to succeed to an interest in the estate of A. F. Harrington, deceased.

The trial court held that John R. Harrington, the adopted minor, was not an heir at law of A. F. Harrington, deceased, and was not entitled to any interest in his estate. The whole estate was held to be the property of Roy Harrington, only surviving son of A. F. Harrington, deceased, as his sole and only heir.

One assignment of error covers the issue in the cause. It is contended by appellant that the trial court committed error in finding, concluding and deciding that Roy Harrington was the only heir at law of A. F. Harrington, deceased, and the only person, under the agreed statement of facts, who was entitled to succeed to his estate under the succession statutes of the state of Utah, thereby excluding John R. Harrington, the adopted son of John and Elsie Harrington.

The parties to this action are agreed that the right to take property by devise or descent is a right given and regulated by statute. It is not a natural right or a right existing independent of the provisions of the law. It is not necessary to cite cases as to this proposition. The subject of adoption is governed wholly by statute.

The parties are agreed that the statutes relating to adoption and succession should be considered and construed together and effect given to both. The problem herein becomes one of statutory construction.

If John R. Harrington is to succeed to any of the estate of A. F. Harrington, deceased, it must be through the pro-

visions of Chapter 4, Title 14, Revised Statutes of Utah, 1933, and particularly Sections 14-4-9 and 14-4-10 of the adoption statute, and 101-4-5, subsection 2 of the succession statute.

The pertinent sections of the adoption statute read as follows:

"The court must examine all persons appearing before it pursuant to the preceding provisions, each separately, and, if satisfied that the interests of the child will be promoted by the adoption, it must make an order declaring that the child shall thenceforth be regarded and treated in all respects as the child of the person adopting." 14-4-9, R. S. U. 1933.

"A child when adopted may take the family name of the person adopting. After adoption the two shall sustain the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation." 14-4-10, R. S. U. 1933.

The succession subsection above referred to provides that when a person dies having title to any estate not otherwise limited by marriage contract or will, such estate shall be succeeded to as follows:

"(2) If the decedent leaves no surviving husband or wife, but leaves issue, the whole estate goes to such issue, and if such issue consists of more than one child living, or one child living and the issue of one or more deceased children, then the estate goes in equal shares to the children living, or to the child living and the issue of the deceased child or children by right of representation." 101-4-5, subdivision (2), R. S. U. 1933.

The question, upon the determination of which the appellant must stand or fall, is: does the word "Issue" as used in the provision of the statute, supra, include adopted children so as to allow them to inherit through their adoptive parents? We think not.

Appellant places much reliance on the case of *In re Moore's Estate*, 7 Cal. App. 2d 722, 47 P. 2d 533, 48 P. 2d 28, and the cases cited therein. We shall undertake to analyze these cases and determine whether or not they sustain appellant's contention. The Moore Case, supra, is an appeal

taken from a probate order made in a proceeding to determine conflicting interests of two claimants to the estate of Edgar Moore, deceased. Both claim a *legacy* by virtue of being daughters of a deceased devisee of Edgar Moore, also deceased. Appellant claims the whole legacy as a daughter by birth: whereas respondent claims one-half of the legacy as a daughter by adoption. The court held that *under a will* where the *legacy* did not lapse because under the *testate statutes* the survival of a natural child saved the legacy, that such natural child and an adopted child inherited from their father the interest he would have received under the will had he survived the testator. This case is based upon the laws of California. The court points out that the adopted daughter is not seeking to inherit by substitution or representation but directly from her adopted father the interest given him under the will which had not lapsed but was preserved by Section 92 of the Probate Code of California. There is no construction of the succession statutes in that case. The opinion does not support appellant's position. It is relied upon by respondent as authority to effect that appellant is not by substitution or representation an heir of the ancestor of his adopted father, (the adopted child here recovering by virtue of the will.).

The Moore Case, supra, cites the case of *In re Estate of Darling,* 173 Cal. 221, 159 P. 606. This case is also relied on by appellant although inapposite to his theory. The question for determination there was as to whether or not an adopted child could inherit from his *natural grandfather.* In the citation of this case in the Moore Case, supra, the court, on page 535 of 47 P. 2d, made the following comment:

"In re Estate of Darling supra, holds that, under subdivision 1 of section 1386 of the Civil Code, an adopted child is entitled to succeed to a share in the estate of the *father by blood* to which such father by blood would have succeeded had he survived *his own father."* (Italics ours).

The case of *In re Newman's Estate,* 75 Cal. 213, 16 P. 887, 7 Am. St. Rep. 146, is also cited with approval in the case

of *In re Moore's Estate,* supra. This case fails to support appellant's contention that an adopted child may inherit through his adoptive parents under the laws of succession. The holding in that case was to the effect that an adopted child inherits *from his adopting parents.*

Appellant relies on the case of *In re Cadwell's Estate,* 26 Wyo. 412, 186 P. 499. Although the holding of the case supports appellant's contention, it is apparent after a review of the cases cited therein that the court arrived at its conclusion as a result of an inaccurate analysis of, or a failure to analyze both the Newman and Darling Cases, supra.

The following quotation from the Darling Case, supra, 159 P. 608, clearly distinguishes it from the Cadwell Case, supra:

"The adoption statutes of this state [California] do not purport to affect the relationship of any person other than that of the *parents by blood, the adopting parents, and the child.* It is the person adopting and the child who, by the express terms of the section, after adoption 'shall sustain towards each other the legal relation of parent and child and have all the rights and be subject to all the duties of that relation,' and it is the parents by blood who, from the time of the adoption, are 'relieved of all parental duties towards, and all responsibilities for the child so adopted, and have no right over it,' and are, in the eyes of the law, no longer its parents. The adoption simply fixes the status of the child as to its former and adopted parents. To its grandparents by blood it continues to be a grandchild, and the child of its parents by blood. *It does not acquire new grandparents in the persons of the father and mother of an adopting parent.* \* \* \*

"So far as we have been able to find, there is no decision given under statutes anything like ours, to the effect that the adopted child has any right of inheritance as to the ancestors or collateral kindred of the adopting parents, or is deprived by the adoption of any right of inheritance that he had as to the ancestor and collateral kindred of his parents by blood. \* \* \*" (Italics ours.)

The holding in the Cadwell Case, supra, is clearly contra; the court there concluding that a son by adoption became the legal heir of the intestate brother of his adoptive father, *who died before the intestate brother.*

Citing the Cadwell Case, supra, appellant quotes the following reference to a case decided under the Washington adoption and succession statutes:

"The Supreme Court of the State of Washington, in the case of *In re Masterson's Estate, McManus* v. *Lloyd*, 108 Wash. 307, 183 P. 93, in construing and applying a statute very similar in its provisions to the adoption statutes of the State of Wyoming, says: 'One of the rights or privileges of a natural child is to inherit from his brother or sister, a natural son or daughter of the same parents. If the adopted child does not have the same right, then it is denied a right or privilege which the natural child has.' And the court held that an adopted sister is entitled to inherit along with the natural brothers and sisters of one dying without issue, husband, wife, father or mother."

Although the Masterson Case referred to adopts a construction of the Washington Statute which permits an adopted child to inherit from a natural child of her adoptive parent, it is not construed so as to permit an adopted child to inherit from the father of the adoptive parent. The case at bar involves the latter right. The Washington Statute which was there construed differs from the Utah Statute.

The cases relied upon by appellant we find are not applicable to the situation presented in the instant case. One group relates to the rights of the adopted child as to his foster parents, another relates to inheritance under wills and probate codes or sections of the statutes other than those relating to adoption and succession, and a third group construes statutes dis-similar to our own.

Something of the history of the statutes of Utah with regard to adoption and succession throws light upon the legislative intent at the time of their adoption.

No substantial change in the statutes of succession has been made in the Utah statute under consideration, since 1884.

The adoption statute of the same year appears without change or modification in Volume 2 of the Compiled Laws of Utah, 1888. Section 5 of the Laws of Utah, as compiled became Section 2579 and reads as follows:

"All decrees entered in such case in conformity with the provisions and requirements hereinbefore named, shall be conclusive upon all the persons interested [in] such proceedings, and the child or children thus adopted, shall take the surname of the person adopting the same and all relations of parents and child, agreeably to such stipulations and the decree of the probate court shall attach, and such child or children, *if so stated in such decree,* shall be subject to the exclusive control and custody of such parent or parents and shall possess and enjoy all the rights, privileges, inheritances, heirship and immunities of children born in lawful wedlock." (Italics added).

In the Revised Statutes of Utah, 1898, the Adoption laws of Utah were changed and follow the California Statute. So far as concerns us in the instant case, the exact words of Sections 227 and 228 of the California Civil Code were adopted and included in Title 1 of R. S. U. 1898, as Sections 7 and 8. These sections contain substantially the same wording now. They are now designated as Sections 14-4-9 and 14-4-10 of R. S. U. 1933 and are as quoted previously herein.

The rule relied upon by respondent is supported by the following. 2 Corpus Juris Secundum, Adoption of Children, Sec. 63, subsection (d), reads:

"An adopted child cannot usually inherit from relatives of the adoptive parent unless there is an express statute to that effect.

"Since regulation of the descent of intestate property is a valid exercise of legislative power, if there is express statutory provision therefor an adopted child may inherit through the adoptive parent from such parent's relatives.

"Under the principle that a stranger to the adoption proceedings who has never recognized the existence of the artificial relation created thereby should not have his property diverted from the natural course of descent without a clear expression of such intent, it is generally held that a right to inherit through an adoptive parent, from collateral kin of the latter, is not to be readily implied from the relation, and is to be recognized only if expressly conferred. Accordingly, in the absence of such express provision, it is generally held that an adopted child cannot inherit from the ancestors of the adoptive parent, nor from natural children of such parent, nor from his collateral kindred. * * *"

In American Jurisprudence, Vol 1, Sec. 63, page 662, the following appears:

"The right of an adopted child to inherit as an heir of the relatives or descendants of the adoptive parents depends entirely upon statutory or constitutional provisions. And while these statutes, though similar, have not received a uniform construction, *yet it is the general view that there is not conferred upon a child a right to inherit from the lineal or collateral kindred of the adoptive parent unless the language of the statutes is clearly to that effect.*" (Italics added.)

"It is sometimes provided in statutes authorizing adoption proceedings and defining their effect, that the child adopted shall not inherit property from the adoptive parent's kin. And where the statute contains no specific reference to the child's rights of inheritance, it has been held that he becomes the heir of the adopting parent only, and not of collateral kindred of such parent.

"It is, of course, within the legislative power to confer upon the adopted child the right of inheritance from the kindred of the adoptive parent. * * * The difference of opinion occurs in those cases involving the question of the effect to be given to statutes providing simply that an adopted child shall bear the same relation to his adopted parents as if born to them in wedlock. According to the weight of authority, under a statute placing an adopted child upon an equality with natural children for the purpose of inheriting from the adopting parents, the adopted child, for other purposes, is unlike children by birth, and hence such child has no right of inheritance through his adopted parents. * * * While the statute of adoption must be read into the statute of descent and distribution, it is with this singularity, always to be observed, viz., that the adopted child is so let in only for the purpose of preserving in full its right of inheritance from its adoptive parent, and for no other purpose.

"Adoption statutes, as well as matters of procedure leading up to adoption should be liberally construed to carry out the beneficent purposes of the adoption institution and to protect the adopted child in the rights and privileges coming to it as a result of the adoption. But it does not follow that an adoption statute should be liberally construed to divert from the natural course the descent of property left by those who are not parties to the adoption proceedings. Consanguinity is so fundamental in statutes of descents and distributions that it may only be ignored by construction when courts are forced so to do either by the terms of express statute or by inexorable implication. To prescribe a course of descent which will take the property of deceased persons out of the current of their blood, the legislature must use explicit and unmistakable language."

Illustrative cases support the above texts.

The statutes construed by the cases holding the majority view, as revealed by the cases cited in support of the above general authorities, are similar to the adoption and succession statutes of the state of Utah. A review of these cases (many of which have been cited by both appellant and respondent) and the other cases cited by both parties in their briefs, with due regard to the particular statutes construed, makes certain that it was not the intention of the legislature of this state that an adopted child should inherit from the ancestors or collateral kindred of the adoptive parent.

Respondent directs our attention to the law of South Dakota, which apparently is the only other state with a statute identical to that of California and Utah. We find that that state sustains the California decisions and the position of respondent. The very recent case of *In re Eddins' Estate,* S. D. 279 N. W. 244, April 22, 1938, may not be distinguished from the instant case. The foster parents of Nellie Marie Eddins, the adopted, died in 1919, and 1929, respectively. John E. Eddins, the father of one of the foster parents, died intestate in 1932 leaving surviving him only his wife, Martha Eddins, and Nellie Marie Eddins, his adoptive granddaughter. The only question on appeal was whether Nellie Marie Eddins was an heir of the intestate. In reversing the lower court the Supreme Court held that she was not an heir and that her rights which were created by the adoption were limited to the adopted child and the adopting parents so that the rights of inheritance did not extend to any of the heirs, either lineal or collateral, of the adopting parents. It is there said [page 246]:

"The wording of the statutes on adoption and inheritance in this state is more restricted probably than the statute in any other state. It will be noted that in the second clause of section 209, R. C. 1919, the wording of the statute is as follows: 'After adoption *the two shall sustain towards each other* the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation.' The word 'two' can have reference to no one but the parties to the adoption contract, or order, and means the adopting parent or parents

on the one side and the adopted child or children on the other. This limits the mutual rights and duties created by the adoption to the adopted child and the adopting parents * * *." (Italics Ours.)

There is no provision of our adoption and succession statutes which gives the adopted any rights from or duties toward the ancestors or collateral heirs of his adopting parents. The provisions of our code relating to the rights of succession of adopted persons are contained in the adoption statute. This provides that the person or persons adopting the child and the child adopted, shall, with respect to such named persons only, bear the relationship of parent and child, and that the adopted person shall be regarded and treated in all respects as the child of the persons adopting. It further provides that after adoption *the two* (meaning the foster parent and the child) shall sustain the legal relation of parent and child;—See 14-4-10 cited supra. Except as specifically modified by the adoption statute, our statutes of succession provide that the estate of a deceased person shall be succeeded to by his issue or by those related by blood or consanguinity. The statute of adoption does not say that the adopted child shall become the grandchild or the lineal descendant of his foster parents' fathers or mothers.

John R. Harrington was not an heir, under the succession statutes, of A. F. Harrington to whom he was not related by blood.

The findings of fact, conclusions of law and decree entered by the trial court are affirmed. Respondent to recover costs.

FOLLAND, C. J., and WOLFE and LARSON, JJ., concur.