## OLSON v. UNITED STATES.
### No. 13885.

United States Court of Appeals
Eighth Circuit.
June 22, 1949.

Thomas G. Wall, Sturgis, S. D., for appellant.

Leo P. Flynn, United States Attorney, Sioux Falls, S. D. (Matthew A. Brown, Chamberlain, S. D. and Geo. A. Bangs, Assistant United States Attorneys, Rapid City, S. D., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This is an action at law under the Federal Tort Claims Act, § 410(a), 28 U.S.C.A. § 931(a) [now § 1346], to recover damages for the death of plaintiff's decedent allegedly caused by the negligent act of an employee of the government while acting within the scope of his employment.

The action was brought in the district court of South Dakota "wherein the plaintiff is resident."

In so far as material on this appeal the complaint alleges that the plaintiff, a citizen and resident of South Dakota, is the duly appointed and qualified administratrix of the estate of Leverett H. Marshall, also known as Leverett H. Nugent, deceased, who left surviving him as his sole heir at law the plaintiff, Grace A. Olson, formerly Grace A. Marshall, his mother by adoption; "that this action is brought by the plaintiff for the benefit of the heirs at law" of her decedent; and that her decedent was killed in August, 1946, at the Salt Lake Airport, Salt Lake City, Utah, by the negligent operation of an airplane owned by the United States then being piloted by navy pilot Commander Richard L. Fowler, the agent and servant of the United States, acting within the scope of his authority as such.

At the close of plaintiff's evidence the defendant rested and moved for judgment "on the ground there is no plaintiff in court capable of recovering under the death statute; no evidence of living heirs of the decedent."

Counsel for plaintiff objected to the motion on the ground that it was clearly shown that plaintiff has the status of an adopted mother and is administratrix of the decedent's estate.

The court sustained defendant's motion for judgment on the ground that the case is governed by the "Wrongful Death Statute" of South Dakota, S.D.C. 37.2201 et seq., where the action was brought. The court denied plaintiff's request to reopen the case and to introduce further evidence, and found (1) that there is no competent evidence that plaintiff is the adoptive mother or the heir of the decedent, and (2) that there is no competent evidence before the court of the existence of any person for whose benefit this action can be brought.

The plaintiff seeks reversal substantially on the grounds that the court erred (1) in holding that the laws of South Dakota governed her cause of action and not the laws of Utah where the act complained of occurred; (2) in holding that plaintiff was not shown to have the status of the adopted mother of the decedent; (3) in holding that plaintiff as administratrix of her decedent's estate was not entitled to maintain the action; and (4) in denying plaintiff's request to produce further evidence.

Clearly the court erred in holding that the laws of South Dakota and not the laws of Utah governed plaintiff's cause of action. Section 410(a) of the Act, 28 U.S.C.A. § 931(a), provides that "* * * the United States district court for the district wherein the plaintiff is resident or wherein the act * * * complained of occurred, * * * sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, * * * on account of damage * * * or on account of * * * death

caused by the negligent * * * act * * * of any employee of the Government * * * under circumstances where the United States, if a private person, would be liable to the claimant for such damage * * * or death *in accordance with the law of the place where the act or omission occurred.*" (Emphasis supplied.)

Since, therefore, the negligent act complained of occurred in Utah, the law of that state and not that of South Dakota was controlling. Under § 931(a) of the Act, supra, the district court for the district in which the plaintiff resided had jurisdiction of the action but the standards and tests of the state where the accident occurred controlled on questions of negligence and the nature and extent of recovery including the capacity and rights of the plaintiff and the liability of the United States. State of Maryland, to use of Burkhardt v. United States, 4 Cir., 165 F.2d 869, 1 A.L.R.2d 213; Van Wie v. United States, D.C.N.D.Iowa, 77 F.Supp. 22; Washabaugh v. United States, D.C.M.D. Penn., 83 F.Supp. 623.

Notwithstanding such error it is our duty to affirm the judgment, if correct, regardless of the reason given by the trial court for its entry. Walling v. Friend, 8 Cir., 156 F.2d 429, 431; McGivern v. Northern Pac. Ry. Co., 8 Cir., 132 F.2d 213, 216; Iselin v. C. W. Hunter Co., 5 Cir., 173 F.2d 388.

On the vital question of the right to maintain an action for damages for wrongful death the laws of Utah are somewhat broader than the laws of South Dakota.

Under the laws of South Dakota, Comp. Laws, § 5499, providing that "if the life of any person * * * is lost or destroyed by the neglect * * * of another person * * * then the widow, heir, or personal representatives of the deceased shall have the right to sue * * * and recover damages for the loss * * * of the life aforesaid", the word "heir" is construed to mean "child." Lintz v. Holy Terror Mining Co., 13 S.D. 489, 83 N.W. 570.

Under the laws of Utah the right to take property by devise or descent is a right given and regulated by statute. In re Estate of Harrington, deceased, 96 Utah 252, 85 P.2d 630, 120 A.L.R. 830. Title 104, c. 3, § 11 of the Code of Utah, Annotated, 1943, provides: "Except as provided in Chapter I, of Title 42, when the death of a person not a minor is caused by the wrongful act or neglect of another, *his heirs or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death * * *.*" (Emphasis supplied.) And a deceased's heirs include (1) issue of the decedent; (2) his parents; (3) his brothers and sisters; and (4) next of kin, in the order named. Title 101, c. 4 of Code of Utah of 1943. The statute of Utah further provides: "A child when adopted may take the family name of the person adopting. After adoption the two shall sustain the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation." Title 14, c. 4, § 10 of Code of Utah of 1943.

The burden was upon plaintiff affirmatively to prove the fact of adoption. 2 C.J.S., Adoption of Children, § 52. Such proof must show a legal adoption; and the validity and effect of adoption is governed by the law of the state creating it. The plaintiff's evidence showed only that the plaintiff thought that she had adopted the deceased in 1927 when he was four years of age, in a proceeding in a court of the state of Virginia. Neither the adoption statutes of Virginia nor the decree of adoption were introduced in evidence. Set out in the record, however, but not in evidence, is a certificate of the Judge of the Juvenile and Domestic Relations Court of the County of James City and City of Williamsburg, Virginia, dated June 23, 1927, showing that Mrs. John P. Marshall had filed a petition in that court "alleging desertion and non-support by O. Nugent of his infant child Leverett H. Nugent, four years of age" and that "said child was adjudged to be neglected and dependent * * *, and the custody of the said child was then and there awarded to Mrs. John P. Marshall of James City County, Virginia, until the further order of this court." We may take judicial no-

tice that this is no more than an interlocutory order in an adoption proceeding under the laws of Virginia, and not a decree of adoption. See Michie's Code of Virginia, 1942, § 5333e et seq. It would not, if admitted in evidence, prove adoption.

 The evidence shows that after such order was entered by the Virginia court plaintiff removed with the deceased to the state of South Dakota where she reared him as her own child. The contention that as such foster mother she is his lawful heir is without support either in the evidence or in law. The cases cited by plaintiff to support her contention in this regard are not in point here.

Plaintiff further contends that under Utah law she was entitled to maintain this action as the administratrix of her decedent's estate "for the benefit of his heirs." Section 104—3—11, Code of Utah, supra.

At the time plaintiff rested and defendant moved for judgment no evidence had been introduced showing the existence of any heirs of the deceased other than the existence of the father whose whereabouts was unknown and the existence of the plaintiff who claimed to be his sole heir. The complaint alleges, however, that "this action is brought by the plaintiff for the benefit of the heirs at law of said Leverett H. Marshall, also known as Leverett H. Nugent, deceased." And when the court indicated that the motion for judgment would be sustained the following colloquy between court and counsel for plaintiff occurred:

"Mr. Wall: I will ask if the Court will allow me to call a witness back?

"The Court: No. I have heard all of the testimony I care to hear. If you can't show that she is the adopted mother of the deceased, or the mother of the deceased, you haven't any case, no matter what you can show. So there isn't any use in taking up any time in covering it.

* * * * * *

"The motion of the defendant will be sustained, and upon presentation of the proper order and findings the same will be entered of record.

"Mr. Wall: We have an exception?

"The Court: Let the record show the plaintiff excepts to the ruling of the court and the exception is allowed."

Although plaintiff excepted to the ruling of the court refusing to permit her to call a witness back, we cannot say that the court erred or that there was an abuse of discretion in so ruling. In her brief plaintiff says that had she been permitted to call a witness as requested the testimony would have shown that at the time of the trial the deceased's paternal grandmother and a sister and two brothers of his deceased mother were living, all of whom were heirs of the deceased. Plaintiff, however, did not disclose to the court even the substance of the additional testimony she desired to introduce; neither did she move for a new trial nor for relief from the judgment on the ground of inadvertence, surprise or excusable neglect under Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Having found no reversible error in the record the judgment appealed from is

Affirmed.